IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE ROSARIO WILSON,

    Petitioner,             No. 2: 12-cv-2062 KJN P

  vs.

WARDEN BABCOCK,

    Respondent.        ORDER

_____/

        Petitioner, a federal prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee.

        Petitioner alleges that in 2009 he plead guilty to 18 U.S.C. §§ 922(g) and 924(a) in the United States District Court for the Eastern District of North Carolina. (Dkt. No. 1 at 3.) Petitioner was sentenced to 120 years. (Id.)

        Petitioner bases this petition on the Supreme Court ruling, Bond v. United States, 131 S. Ct. 2355 (2011), wherein the high court found that a petitioner had standing to challenge her indictment under a federal criminal statute, 18 U.S.C. § 229, prohibiting possession or use of a chemical weapon on grounds that the statute intruded upon powers reserved to the states in violation of the Tenth Amendment. Petitioner attempts to predicate his challenge on an individual right under the Tenth Amendment to challenge the federal statutes under which he was

1

1  convicted as encroaching on state sovereignty.  Petitioner seeks to have his federal conviction
2  vacated.
3          Generally, a motion pursuant to 28 U.S.C. § 2255 is the appropriate vehicle by
4  which to challenge a conviction.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  Only
5  a sentencing court has jurisdiction over a § 2255 motion.  Id. at 1163.  If the petition is construed
6  as a motion under § 2255, only the Eastern of North Carolina has jurisdiction.  If the petition is
7  correctly brought under § 2241 (to attack the execution of sentence as opposed to its legality), the
8  district of incarceration, the Eastern District of California, is the proper place to bring the action.
9  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).
10          The Ninth Circuit has also held that because of the jurisdictional nature of the §
11 2255 inquiry, "a court must first determine whether a habeas petition is filed pursuant to § 2241
12 or § 2255 before proceeding to any other issue."  Id.
13          Petitioner is attempting to invalidate his conviction, which is initially, at least, a
14 28 U.S.C. § 2255 matter.  The real issue becomes whether the § 2255(e) "savings
15 clause"—"unless it also appears that the remedy by motion is inadequate or ineffective to test the
16 legality of his detention"— could come into play, thereby permitting a § 2241 petition to be filed
17 in its place.  If such were permissible, this district, the district where petitioner is incarcerated,
18 would be the proper place to bring the habeas petition.
19          Applications of the savings clause favorable to a petitioner/movant have been few
20 and far between. "We have held that a motion meets the escape hatch criteria of § 2255 "'when a
21 petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural
22 shot at presenting that claim.' Stephens, 464 F.3d at 898 (9th Cir. 2006) (internal quotation
23 marks omitted)." Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008).  In Stephens v. Herrera,
24 464 F.3d 895 (9th Cir. 2006), jury instructions which became arguably errant after a Supreme
25 Court decision were an insufficient basis for an actual innocence claim.  In Harrison, a clarifying
26 decision by the Supreme Court, arguably favorable to petitioner in the sense that his conduct

would not have implicated a federal crime, decided after petitioner had filed several previous § 2255 motions did not satisfy the procedural impediment hurdle because petitioner could have raised the claim regardless of the decision at issue.  But see Alaimalo v. United States, 645 F.3d 1042 (9th Cir. 2011).

The parties are directed to file, concurrently a brief addressing whether the savings clause can be applied to allow petitioner to proceed within this court's jurisdiction under 28 U.S.C. § 2241.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner and respondent are each directed to file briefs concurrently addressing the jurisdictional basis for whether this court may or may not proceed in the instant action, as set forth above, within twenty-eight days of the date of this order;

2. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

DATED:  September 12, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wil2062.ord