1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRENCE ROSARIO WILSON,

11              Petitioner,                 No. 2: 12-cv-2062 KJN P

12        vs.

13   WARDEN BABCOCK,

14              Respondent.              <u>ORDER</u>

15   _____/

16              Petitioner, a federal prisoner proceeding without counsel, filed a petition for writ

17   of habeas corpus pursuant to 28 U.S.C. § 2241.  Both parties consented to the jurisdiction of the

18   undersigned.

19              Pending before the court is respondent's motion to dismiss for lack of jurisdiction.

20   For the following reasons, this motion is granted.

21   <u>Background</u>

22              The following facts are undisputed.  On June 1, 2009, petitioner plead guilty to 18

23   U.S.C. §§ 922(g) and 924(a) in the United States District Court for the Eastern District of North

24   Carolina.  Petitioner was sentenced to 120 months.  On April 4, 2011, petitioner filed a motion to

25   vacate, set aside or correct his sentence under 28 U.S.C. § 2255 in the Eastern District of North

26   Carolina.  On July 20, 2011, this motion was dismissed as untimely.  Petitioner appealed this

                                        1

1   dismissal, but it was affirmed by the United States District Court for the Fourth Circuit Court of

2   Appeals.

3      On August 7, 2012, petitioner filed the instant petition. Petitioner bases this

4   petition on the Supreme Court ruling, <u>Bond v. United States</u>, 131 S. Ct. 2355 (June 16, 2011),

5   wherein the high court found that a petitioner had standing to challenge her indictment under a

6   federal criminal statute, 18 U.S.C. § 229, prohibiting possession or use of a chemical weapon, on

7   grounds that the statute intruded upon powers reserved to the states in violation of the Tenth

8   Amendment. Petitioner in the instant case attempts to predicate his challenge on an individual

9   right under the Tenth Amendment to challenge the federal statutes under which he was convicted

10  as encroaching on state sovereignty. Petitioner seeks to have his federal conviction vacated.

11  <u>Discussion</u>

12     Generally, a motion pursuant to 28 U.S.C. § 2255 is the appropriate vehicle by

13  which to challenge a conviction. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988), citing,

14  inter alia, 28 U.S.C. § 2255. Only a sentencing court has jurisdiction over a § 2255 motion. 28

15  U.S.C. § 2255; <u>Tripati</u>, 843 F.2d at 1163. If the petition is construed as a motion under § 2255,

16  only the Eastern District of North Carolina has jurisdiction. If the petition is correctly brought

17  under § 2241 (to attack the execution of sentence as opposed to its legality), the district of

18  incarceration, the Eastern District of California, is the proper place to bring the action.

19  <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000).

20     The Ninth Circuit has held that because of the jurisdictional nature of the § 2255

21  inquiry, "a court must first determine whether a habeas petition is filed pursuant to § 2241 or §

22  2255 before proceeding to any other issue." <u>Id.</u>

23     In the instant case, petitioner is attempting to invalidate his conviction, which is a

24  § 2255 matter. The real issue is whether the § 2255(e) "savings clause" – "unless it also appears

25  that the remedy by motion is inadequate or ineffective to test the legality of his detention" –

26  could come into play, thereby permitting a § 2241 petition to be filed in its place. If such were

1  permissible, this district, the district where petitioner is incarcerated, would be the proper place

2  to bring the habeas petition.

3          Applications of the savings clause favorable to a petitioner/movant have been few

4  and far between.  "We have held that a motion meets the escape hatch criteria of § 2255 '"when a

5  petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural

6  shot at presenting that claim.'  Stephens, 464 F.3d at 898 (9th Cir. 2006) (internal quotation

7  marks omitted)."  Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008).  In Stephens, jury

8  instructions which became arguably errant after a Supreme Court decision were held to be an

9  insufficient basis for an actual innocence claim.  Stephens v. Herrera, 464 F.3d 895 (9th Cir.

10  2006).  In Harrison, a clarifying decision by the Supreme Court, arguably favorable to the

11  petitioner therein in the sense that his conduct would not have implicated a federal crime,

12  decided after petitioner had filed several previous § 2255 motions, did not satisfy the procedural

13  impediment hurdle because petitioner could have raised the claim regardless of the decision at

14  issue.  But see Alaimalo v. United States, 645 F.3d 1042 (9th Cir. 2011).

15          The Ninth Circuit has long held, prior to the Bond decision, that "[o]nly states

16  have standing to pursue claims alleging violations of the Tenth Amendment by the federal

17  government."  Oregon v. Legal Services Corp., 552 F.3d 965, 972 (9th Cir. 2009).  Thus, in the

18  Ninth Circuit, as well as several other circuits, petitioner faced a wall of authority precluding his

19  bringing a Tenth Amendment claim.  It can hardly be said petitioner "had an unobstructed

20  procedural shot" in bringing his Tenth Amendment claim, the first threshold test to determine

21  whether the § 2255 savings clause applies. The question then becomes:  is petitioner's claim one

22  of "actual innocence" to qualify for the savings clause.

23          Respondent argues, and this court agrees, that petitioner has not demonstrated that

24  he is actually innocent.  In the Ninth Circuit, "a claim of actual innocence for purposes of the

25  escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v.

26  United States, 523 U.S. 614 (1998): 'To establish actual innocence, petitioner must demonstrate

3

that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006), quoting Bousley, 523 U.S. at 623.) Petitioner has made no showing that he is actually innocent. For this reason, the undersigned finds that petitioner does not meet the escape hatch criteria for § 2255.

For the reasons discussed above, § 2241 is not available to petitioner. The claims here can only be viewed in the successive § 2255 context, one for which this non-sentencing court has no jurisdiction.

Accordingly, IT IS HEREBY ORDERED that respondent's motion to dismiss (Dkt. No. 10) is granted.

DATED: April 10, 2013



KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wil2062.mtd